IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANITA BOURNE,  )<br>          Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>TEXAS ROADHOUSE  )<br>SPOTSYLVANIA LOCATION,  )<br>          Defendant.  )<br>  ) | Civil Action No. 3:24CV218 (RCY) |

## MEMORANDUM OPINION

Plaintiff Anita Bourne, proceeding *pro se*, filed this action against Defendant Texas Roadhouse Spotsylvania Location alleging racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964. The case is presently before the Court on Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6). The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court finds that Plaintiff fails to state a claim upon which the Court can grant legal relief. As such, the Court must dismiss Plaintiff's Complaint.

## I. PROCEDURAL HISTORY

Prior to filing this instant Complaint, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 25, 2023. EEOC Charge, ECF No. 17-1.[1] Therein, Plaintiff contended that Defendant's actions constituted discrimination

---

[1] Plaintiff did not attach her EEOC charge to her Complaint. *See generally* Compl., ECF No. 4. Defendant, on the other hand, *did* attach Plaintiff's EEOC charge to its Reply. *See* EEOC Charge. At the motion to dismiss stage, a court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and are authentic, and matters of public record subject to judicial notice. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, Court finds that the EEOC charge is a matter of public record. *See Bland v. Fairfax Cnty.*, 2011 U.S. Dist. LEXIS 70204, at *15–16 (E.D. Va. June 29, 2011). Alternatively, the EEOC charge is integral to Plaintiff's Complaint, and Plaintiff has not challenged the

based on her race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* The EEOC did not proceed with the complaint, nor did they decide whether further investigation was necessary. Compl. 2, ECF No. 4.

Plaintiff filed this Complaint on March 26, 2024, alleging racial discrimination and retaliation in violation of Title VII. *See* Compl. Defendant filed the instant Motion to Dismiss and Memorandum in Support thereof on July 22, 2024. Mot. Dismiss; Mem. Supp., ECF No. 11. Plaintiff filed a Response on August 12, 2024, ECF No. 15, and on September 3, 2024, Defendant filed a Reply, ECF No. 17. Without seeking leave to do so, Plaintiff filed a sur-reply with the Court, purporting to be responsive to the Motion to Dismiss. *See* Reply Mem. Supp. Pl.'s Opp'n ("Pl.'s Sur-Reply"), ECF No. 18.

## II. FACTUAL ALLEGATIONS[2]

Plaintiff began working for Defendant on June 14, 2022, as a server. EEOC Charge 2. On or around November 2022, Plaintiff complained to the floor manager, who is African American, about another server, who is also African American. *Id.* Sometime thereafter, Plaintiff's "hours

---

authenticity of the document appended by Defendant; rather, she argues only that what Defendant provides is incomplete, insofar as Plaintiff included additional documentation when she submitted her EEOC charge. *See* Reply Mem. Supp. Pl.'s Opp'n ("Pl.'s Sur-Reply"), ECF No. 18. Thus, the Court is satisfied that either rationale supports its consideration of the facts contained in the underlying EEOC charge at this stage.

[2] These facts are drawn from the Complaint and the EEOC charge. Plaintiff introduces additional facts about the case in her Response and her Sur-Reply; however, to the extent Plaintiff attempts to amend her Complaint, she is barred from doing so via briefing. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Moreover, the Court will not consider the substantive arguments contained in Plaintiff's Sur-Reply, because she did not seek leave of court to file such a brief and nothing in Defendant's Reply raised new arguments or material that would otherwise warrant the filing of a sur-reply. *See* E.D. Va. Loc. Civ. R. 7(F)(1) ("No further briefs or written communications may be filed without first obtaining leave of Court."); *Trs. of Columbia Univ. v. Symantec Corp.*, 2019 WL 13189619, at *2 (E.D. Va. Oct. 10, 2019) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter."); *Dillard v. Kolongo*, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017) ("Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply."). Although the Court recognizes Plaintiff's *pro se* status, Plaintiff is nevertheless obligated to abide by the Local Rules.

were reduced." *Id.* About seven months later, on or around July 17, 2023, Plaintiff complained to Corporate Human Resources "about discrimination and the retaliation [she] was being subjected to." *Id.* After Plaintiff filed her grievances with the corporate office, she "began to receive negative retaliation on the job from the management team." Compl. 4. On July 23, 2023, the floor manager discharged Plaintiff, informing her that she was discharged because "managers should not have to walk on eggshells when [she is] on shift." *Id.*; EEOC Charge 2.

### III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 556). Notably here, a *pro se* complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

3

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023). "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Iqbal*, 556 U.S. 662, 678.

## IV. DISCUSSION

Plaintiff alleges racial discrimination and retaliation in violation of Title VII. Compl. 5. Specifically, Plaintiff claims that during her employment with Defendant, she "filed grievances with the corporate office" related to several employees and subsequently began to receive "negative retaliation on the job from the management team." Compl. 4. Plaintiff was later discharged from her employment. *Id.* Plaintiff alleges that although management gave a separate reason, she believes she was discharged in retaliation for the grievances she filed with the corporate office "about the treatment of discrimination [she] was receiving" and "lack of hours." *Id.*

Broadly speaking, Defendant argues that Plaintiff's Complaint fails to allege sufficient facts upon which legal relief can be granted because the allegations are vague and fail to assert a "*prima facie* case of discrimination or retaliation." Mem. Supp. 1–2.

For the reasons stated below, the Court agrees with Defendant and will therefore dismiss Plaintiff's claims.

**A. Plaintiff Fails to State a Claim for Title VII Racial Discrimination**

To successfully state a Title VII Racial Discrimination claim, a plaintiff must either (1) demonstrate "'through direct or circumstantial evidence that [her] race was a motivating factor in the employer's adverse employment action'; or (2) rely on the burden shifting framework of *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)." *McKenzie-El v. Am. Sugar Ref., Inc.*, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) (quoting *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213–14 (4th Cir. 2007).

The Court first considers whether Plaintiff properly demonstrated that race was a motivating factor in Defendant's adverse employment action before turning to the *McDonnell Douglas* framework.

    1. <u>Plaintiff Fails to Demonstrate that Her Race Was a Motivating Factor</u>

Plaintiff fails to allege facts to support a plausible inference that her race was a motivating factor in her treatment by Defendant. Plaintiff's sole description of racial discrimination in the Complaint is that she "believe[s] that [she] was discriminated against based on the Civil Rights Act of 1964 Title VII as well as [her] white race."[3] Compl. 5. Even when considering Plaintiff's EEOC charge, which includes the additional fact that she complained to the "Floor Manager (Black) about another Server (Black)," she does not sufficiently allege that her managers were motivated by bias. EEOC Charge 2. Plaintiff's conclusory allegations fail to demonstrate that her race was a motivating factor in the Defendant's termination of her employment. *See e.g.*, *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010) (dismissing complaint that

---

[3] As a member of a majority group, Plaintiff is alleging what is commonly referred to as "reverse discrimination." A circuit split exists with respect to whether a plaintiff alleging reverse discrimination faces a higher *prima facie* burden, but the Fourth Circuit has declined to impose such a standard. *Lucas v. Dole*, 835 F.2d 532 (4th Cir. 1987). The Court acknowledges that the Supreme Court has granted certiorari in a case that may resolve this circuit split, *see Ames v. Ohio Dep't of Youth Servs.*, 87 F.4th 822 (6th Cir. 2023), *cert. granted*, 145 S. Ct. 118 (2024), but until such time as the Supreme Court rules on that case, published Fourth Circuit law controls.

"conclusorily alleges that Coleman was terminated based on his race," but "does not assert facts establishing the plausibility of that allegation").

    2. <u>Plaintiff's Claim Also Fails Under the *McDonnell Douglas* Framework</u>

To state a claim under the *McDonnell Douglas* burden shifting framework, a plaintiff must make a *prima facie* case of discrimination by showing: (1) she is a member of a protected class; (2) she "suffered an adverse employment action"; (3) her job performance was satisfactory; and (4) the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *McKenzie-El*, 2021 WL 5412341, at *2 (citing *Adams v. Trs. of Univ. of N.C. Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011)). Plaintiff is not required to plead facts sufficient to constitute a *prima facie* case to survive a motion to dismiss. *See McKenzie-El*, 2021 WL 5412341, at *2 ("In the employment discrimination context, '[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement.' So, a plaintiff is not required to plead facts to constitute a prima facie case under McDonnell Douglas in order to survive a motion to dismiss"). However, her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 545 (2007). That is, she must allege facts sufficient for a court to find each element of a Title VII race discrimination claim has been met.

Although Plaintiff suffered an adverse employment action and is a member of a protected class,[4] Plaintiff's allegations are insufficient to satisfy elements three and four of the *McDonnell Douglas* burden shifting framework. Plaintiff fails to allege facts sufficient to demonstrate the third element of *McDonnell Douglas*, i.e., that her job performance was satisfactory. Plaintiff identified that she worked at Texas Roadhouse as a server; however, she does not include information about how she performed at work or whether she received positive or negative

---

[4] *See Lucas*, 835 F.2d at 534 (finding that "whites" constitute a "protected group" for *McDonnell Douglas* purposes).

6

evaluations from her supervisor. Thus, the Court cannot evaluate whether Plaintiff's job performance was satisfactory to her employer.

Plaintiff also fails to sufficiently allege that the adverse employment actions, i.e., her reduction in hours and subsequent termination, occurred under circumstances giving rise to an inference of unlawful racial discrimination. "A plaintiff can satisfy the fourth element by showing 'similarly-situated employees outside the protected class received more favorable treatment.'" *McKenzie-El*, 2021 WL 5412341, at *2 (citing *White v. BFI Waste Serv., LLC*, 375, F.3d 288, 295 (4th Cir. 2004)). As an initial matter, the Court notes that the Complaint and EEOC charge are devoid of factual allegations to suggest that similarly situated employees outside of her protected class received more favorable treatment. *See generally* Compl.; EEOC Charge. Further, for the same reasons stated above, *supra* Part IV.A.1., Plaintiff does not sufficiently allege that the reason she was fired was based on her race.

Therefore, the Court finds that Plaintiff fails to state a claim as to racial discrimination under Title VII.

## B. Plaintiff Fails to State a Claim for Title VII Retaliation

Next, Plaintiff argues that her termination by Defendant amounted to unlawful retaliation under Title VII. To plausibly state such a claim, a plaintiff must first establish a prima facie claim of retaliation by showing: "(1) that [she] engaged in protected activity, (2) that the employer took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019). Generally, an employee engages in protected activity when "they complain to their superiors about suspected violations of Title VII." *Johnson v. Glob. Language Ctr.*, 2023 WL 3645055, at *4 (4th Cir. May 25, 2023) (quoting *Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015)). However, "not every complaint that merely mentions retaliation or harassment warrants

the protections of Title VII." *Id.* (finding that "tangential invocations of 'retaliation' and 'harassment' without more do not rise to the level of protected activity"). Put differently, "unspecific statements are insufficient to qualify as protected activity." *Id.* at *5.

Chiefly, Defendant argues that Plaintiff fails to allege sufficient facts to show that she engaged in protected activity or that there was a causal link between any such protected activity and her reduction in hours and/or termination. Mem. Supp. 6–7. Defendant notes that Plaintiff failed to specify the nature of any protected activity, other than that she reported generalized "discrimination" to corporate human resources and that her hours had been reduced. *Id.* at 6. This, Defendant argues, is not sufficient to satisfy the first element and thus, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff endeavors to addresses some of the deficiencies highlighted by Defendant in her Response; however, the Court may not consider any new facts at this stage. *Hurst*, 681 F. App'x at 194; *see also Car Carriers, Inc.*, 745 F.2d at 1107 ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Most notably, Plaintiff's Complaint and EEOC Charge only offer conclusory allegations regarding retaliation and discrimination. *See generally* Compl.; EEOC Charge. In total, Plaintiff alleges that she complained to her Floor Manager, that she reported "discrimination and retaliation" to the Corporate Human Resources, that she began to "receive negative retaliation on the job from the management team [sic]," and that she believed she was being discriminated against based on Title VII and her white race. *Id.* Although Plaintiff's response provides additional context to the situation, the allegations laid out in both the Complaint and EEOC are "unspecific statements" that, without more, do "not rise to the level of protected activity." *Johnson*, 2023 WL 3645055, at *4–5.

8

For the reasons stated above, Plaintiff has failed to successfully allege a Title VII Retaliation Claim.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff failed to state a claim upon which this Court can grant legal relief. As such, the Court will grant Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), without prejudice. Out of deference to Plaintiff's *pro se* status, however, the Court will grant her leave to amend before dismissing the action. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 20, 2025
Richmond, Virginia

---

[5] The Court opts to give Plaintiff leave to amend because, although she has not formally moved for such leave, she did plainly endeavor to constructively amend her complaint by way of the new allegations added in her Response. *Cf. King*, 825 F.3d at 225 (noting that dismissal without prejudice would be appropriate where the *pro se* plaintiff *did not* seek leave to amend). And while the Court recognizes Defendant's arguments that many of these new allegations may be procedurally barred as having not been included in Plaintiff's original EEOC charge, *see* Mem. Supp. 3, 5, the Court will not let such arguments stand in the way of amendment, for two reasons. One, Plaintiff has argued that the EEOC charge submitted by Defendant is incomplete, *see* Pl.'s Sur-Reply, and so the Court is unwilling to conclusively determine the question of administrative exhaustion based on the record provided by Defendant alone. Two, the Court declines to substantively engage with the improperly added allegations in the Response at this time, finding it more appropriate to do so if and when Plaintiff files an amended complaint.

The Court cautions Plaintiff, however, that it is her burden to supplement any Amended Complaint with the appropriate documents to establish administrative exhaustion, and that any new factual allegations that have not been exhausted with the EEOC will be procedurally barred in any Amended Complaint. *See Hentosh v. Old Dominion U.*, 767 F.3d 413, 416 (4th Cir. 2014) ("Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. . . . The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint.").

9