UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

----------------------------------X

| | | |
|---|---|---|
| ANITA L. BOURNE, | : | Case No.: 3:24-cv-218 (RCY) |
| Plaintiff, | : | |
| | : | **PLAINTIFF'S FIRST** |
| | : | **AMENDED** |
| against | : | **COMPLAINT** |
| | : | |
| TEXAS ROADHOUSE, INC., | : | |
| | : | |
| Defendant. | : | *JURY TRIAL DEMANDED* |
| | : | |

----------------------------------X

Plaintiff ANITA L. BOURNE ("Plaintiff") by and through her attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant TEXAS ROADHOUSE, INC. ("Texas Roadhouse" or "Defendant"), upon personal knowledge, as well as information and belief, by alleging and averring as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") and the Virginia Human Rights Act as amended by the Virginia Values Act, Va. Code Ann §§ 2.2-3900 *et seq.*, ("VHRA"), and seeks damages, as well as injunctive and declaratory relief, to redress the injuries she has suffered as a result of being discriminated and retaliated against by her employer on the basis of her race and color (White).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of Virginia.

## PROCEDURAL REQUIREMENTS

5. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of Civil Rights ("VOCR") on or about October 25, 2023.

6. Plaintiff received a Notice of Right to Sue from the EEOC on or about December 28, 2023, with respect to the charges of discrimination and retaliation.

7. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

8. This action was commenced within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC on or around March 26, 2024.

9. Plaintiff therefore exhausted her administrative remedies as is required by Title VII.

## PARTIES

10. At all relevant times, Plaintiff was and is a resident of the State of Virginia in the County of King George.

11. Plaintiff is a Caucasian (White) woman.

12. At all relevant times, Plaintiff was an "employee" of the Defendant, as defined by all the applicable statutes.

13. At all relevant times, Defendant is a foreign corporation licensed to do business in Virginia.

14. Plaintiff was employed at Defendant's store location of 3940 Plank Road, Fredericksburg, VA 22407.

15. At all relevant times, Defendant had more than fifteen (15) employees.

16. At all relevant times, Defendant met the definition of "employer" and is subject to the applicable statutes.

## STATEMENT OF FACTS

17. On or about June 14, 2022, Plaintiff commenced her employment with Defendant as a Server.

18. From the start of her employment, Plaintiff worked hard and was acknowledged for performing more service runs to tables than any other employees at her location.

19. As such, she was qualified for her position.

20. Despite Plaintiff's hard work, she could not help but notice that she continued to be overlooked by her manager and supervisors in favor of employees of different races than Plaintiff.

21. Plaintiff noticed that her managers Savanna Mayer ("Mayer"), Chapat Tyree ("Tyree"), as well as another manager known only to Plaintiff as Alicia (Mayer, Tyree, and Alicia collectively hereinafter the "Managers") all favored other employees known only to Plaintiff as Victoria Dowell ("Dowell"), Kayla Williams ("Williams"), Joanna Champ ("Champ"), and (Dowell, Williams, and Champ collectively hereinafter the "Co-workers") despite Plaintiff's significantly better track record as a server.

3

22. Upon information and belief, the Managers were each employed by Defendant as managers and held supervisory authority over Plaintiff.

23. Upon information and belief, the Co-workers are not the same race as Plaintiff, as each of the Co-workers are African American or Black.

24. Specifically, Plaintiff was regularly told by Mayer and Tyree that she could not service four (4) tables of customers unless she was also running food, but would then allow Dowell to service up to seven (7) tables without running food.

25. Upon information and belief, Defendant had a policy which forbade servers to serve more than three (3) tables at a time which was ignored with the Co-workers but enforced only on Plaintiff and employees of the same race as Plaintiff.

26. Further, Mayer would make Plaintiff run the food for Dowell's tables but give Dowell the tips from customers for it.

27. The disparate treatment significantly affected Plaintiff's ability to earn tips and further grow in her job.

28. Indeed, it was unfair for Plaintiff to do more work than the Co-workers, as it was unfair for the Co-workers to be rewarded based on Plaintiff's hard work without Plaintiff sharing in the reward.

29. Upon information and belief, the Co-workers did not have similar restrictions placed on them as were placed on Plaintiff.

30. On or about February 3, 2023, Plaintiff was granted a section pass by Tyree, which allowed her to decide what section of the location she would work in and service for a specific time.

31. In or about early February 2023, Plaintiff turned in her section pass to Alicia to

allow her to work and service Table 417 and its surrounding tables for both day and night services.

32. Table 417 is a large table which therefore provides for more in tips.

33. Alicia immediately called Tyree to see if Plaintiff was telling the truth, which Tyree confirmed.

34. While preparing for the night service, Alicia repeatedly refused to allow Plaintiff to view the floor plan for that night's service, which displayed which employees were serving which tables.

35. When the night service was ready to begin, Plaintiff discovered that Alicia had reassigned Table 417 to Dowell despite Plaintiff's section pass.

36. When Plaintiff approached Dowell and Alicia about this, she was told "Oh well, don't know what to tell you."

37. The reassignment of Table 417 severely limited Plaintiff's ability to collect tips that night, which she had been relying on due to the use of her section pass.

38. Plaintiff immediately contacted Tyree and complained of the blatant discriminatory act of Dowell being favored over Plaintiff only due to her race.

39. Tyree refused to address the situation and ordered Plaintiff to work a different section of the restaurant despite Plaintiff's use of the section pass.

40. Plaintiff earned the section pass through her hard work and dedicated service to Defendant, and was discriminated against based solely on her race when she tried to use it.

41. On or about the same day, Plaintiff visited the office of Karl Saunders ("Saunders"), the chief manager, and complained about the disparate treatment.

42. Following Plaintiff's complaint, nothing was done to address the situation.

5

43. On or about February 7, 2023, Plaintiff prepared a written complaint and sent it to Saunders.

44. In her complaint, Plaintiff complained of the constant acts of disparate treatment she was subjected to in comparison to the Co-workers.

45. Plaintiff's complaint further alleged the blatant favoritism the Co-workers received from the Managers over her due solely to Plaintiff's race.

46. Plaintiff also complained that it was unfair for her to be the subject of such blatant discrimination when she dedicated herself so thoroughly to her work.

47. Plaintiff's complaint of race-based discrimination to Saunders was a protected activity.

48. Instead of addressing Plaintiff's complaint, Defendant had Plaintiff's work schedule drastically changed.

49. Specifically, Tyree had cut Plaintiff's hours, significantly limiting her ability to work and support herself, within two days of Plaintiff's complaint to Saunders.

50. Plaintiff was shocked, as her hours had been the same throughout Plaintiff's employment with Defendant and had never been cut before.

51. Defendant retaliated against Plaintiff for engaging in a protected activity by adversely affecting her by limiting her ability to work.

52. Plaintiff submitted further complaints of race based discrimination and retaliation to Defendant's corporate ethics department, specifically alleging the blatant race-based favoritism and retaliation she had been subjected to following her February 2023 complaints.

53. Plaintiff complained to Defendant's corporate ethics department under the belief

that her complaint would be confidential, but instead it was shared with Saunders.

54. Upon information and belief, Plaintiff's complaint was then shared with the Managers and Co-workers, resulting in a further hostile work environment.

55. Despite the highly toxic and racist environment that permeated Plaintiff's work environment with Defendant, Plaintiff had continued to work diligently and efficiently in her role to the best of her ability.

56. Plaintiff's hours remained cut until Defendant further retaliated against her by ultimately terminating her employment on or around July 23, 2023.

57. Plaintiff was terminated solely due to her complaint of race-based discrimination and retaliation to Defendant's ethics department.

58. By discriminating against Plaintiff and cutting her hours, Defendant created a hostile work environment in which Plaintiff was forced to work under discriminatory supervisors who subjected Plaintiff to grueling differential treatment.

59. The sole reason that Plaintiff's was treated as such was due to her race.

60. Upon information and belief, no investigation was performed in response to Plaintiff's complaint of race-based discrimination.

61. Upon information and belief, other Caucasian white employees were similarly treated less favorably than the Co-workers.

62. Plaintiff's termination was the direct result of a systemically discriminatory and hostile work environment towards Caucasians, which Plaintiff had been trying to challenge.

63. Defendant retaliated against Plaintiff solely because of her race and because of her complaint of race-based discrimination.

64. Upon information and belief, no investigation has taken place in relation to

Plaintiff's complaints and no employee of Defendant has been disciplined for discriminatory conduct.

65. Defendant would not have discriminated against Plaintiff but for her race.

66. Plaintiff was treated less well or subjected to an adverse action, motivated, at least in part, by her membership in a protected class.

67. Defendant would not have retaliated against Plaintiff but for her complaint about race-based discrimination.

68. As a result of Defendant's actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

69. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages.

72. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

73. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this Complaint.

74. The claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant.

75. Plaintiff complains that Defendant violated Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race (White).

76. 42 U.S.C. §§ 2000e-2 states:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to him compensation, terms, conditions, or privileges of employment, because of such individual's **race**, **color**, religion, sex, or national origin…

77. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e by discriminating against Plaintiff because of her race (White).

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

79. 42 U.S.C. §§ 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter.

80. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE VHRA

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

82. The Virginia Human Rights Act prohibits an employer from discriminating against or discharging an employee on the basis of race. Va. Code § 2.2-3905.

83. Plaintiff is a member of a protected class based on her race (White).

84. Plaintiff was qualified for her position.

85. Defendant treated Plaintiff less favorably than her Black co-workers.

86. Defendant repeatedly favored employees of different races over Plaintiff despite her diligent and extraordinary service and promises made to her.

87. Plaintiff grieved this pattern of race-based discrimination to Defendant in or around February 7, 2023.

88. As of the date of this Complaint, Defendant failed to take any meaningful action in response to Plaintiff's complaint of race-based discrimination.

89. Plaintiff was subjected to repeated adverse employment actions such as being provided less favorable tables, being denied a section pass that she had been awarded, having her hours cut, and ultimately being terminated.

90. The reason for the adverse employment actions was due to her race.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE VHRA

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

92. Plaintiff engaged in protected activity when she filed a grievance on or around

February 7, 2023, following the repeated instances of race-based discrimination and prior complaints.

93. Following Plaintiff's complaint, her work hours were cut in retaliation of her engagement in a protected activity.

94. This culminated in an ultimate act of retaliation in or around July 23, 2023, when Defendant terminated Plaintiff.

95. As a direct and proximate result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in, and enjoining Defendant from continuing to engage in, unlawful employment practices prohibited by Title VII, in that Defendant discriminated and retaliated against Plaintiff on the basis of her race (White);

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to him reputation in an amount to be proven at trial;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

    F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices against each of them.

## JURY DEMAND

96.    Plaintiff respectfully requests a jury trial on all issues to be tried pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 21, 2025

> */s/ Aryeh E. Stein*
> Aryeh E. Stein, Esq.
> Bar No. 24559
> Meridian Shaw, LLC
> 1212 Reisterstown Road
> Baltimore, MD 21208
> T: (443) 326-6011
> F: (410) 782-3199
> E:astein@meridianlawfirm.com
>
> **CONSUMER ATTORNEYS PLLC**
>
> Emanuel Kataev, Esq.
> *Pro Hac Vice Motion Forthcoming*
> 6829 Main Street
> Flushing, NY 11367-1305
> (718) 412-2421 (office)
> (917) 807-7819 (cellular)
> (718) 489-4155 (facsimile)
> ekataev@consumerattorneys.com
>
> *Attorneys for Plaintiff*
> *Anita Bourne*