## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| **ANITA L. BOURNE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:24-cv-00218-RCY** |
| **TEXAS ROADHOUSE INC.** | |
| **Defendant.** | |

## DEFENDANT TEXAS ROADHOUSE MANAGEMENT CORPORATION'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Texas Roadhouse Management Corporation[1] ("TXRH"), by and through its undersigned counsel, respectfully submit its Answer and Defenses to Plaintiff Anita Bourne's First Amended Complaint, and state as follows:

## NATURE OF THE CASE[2]

1.    TXHR admits only that Plaintiff has brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Virginia Human Rights Act as amended ("VHRA").  Defendant denies that it engaged in any wrongdoing, violated Title VII, the VHRA, or any other law, or that Plaintiff is entitled to any relief whatsoever. To the extent that any allegation in Paragraph 1 is not expressly admitted, it is denied.

## JURISDICTION AND VENUE

2.    Admitted.

---

[1] Plaintiff incorrectly identifies Defendant as Texas Roadhouse Inc. in the caption. The proper entity name is Texas Roadhouse Management Corporation.

[2] Solely for the purposes of consistency and ease of comparison, particularly because of the length of Plaintiff's Amended Complaint, Defendant uses the same captions and headings in its Answer as Plaintiff does in the Amended Complaint. By doing so, Defendant does not make any admission of liability and deny any allegation that may be included in the heading.

3.      Admitted that the Court has supplemental jurisdiction for state law causes of action but denies as to local laws because Plaintiff has not brought any claims under local laws.

4.      Admitted.

### PROCEDURAL REQUIREMENTS

5.      TXRH admits that Plaintiff dual-filed a Charge of Discrimination with the EEOC and the Virginia Office of Civil Rights on October 25, 2023, and avers that only those alleged bad acts that occurred in the 300 days prior to October 25, 2023 are timely and may be pursued in this matter. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

6.      TXRH admits that the EEOC issued a Notice of Right to Sue on December 28, 2023.

7.      Admitted.

8.      Admitted.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required, but to the extent a response is required, Paragraph 9 is denied.

### PARTIES

10.     TXRH does not have sufficient information with which to admit or deny the allegations in this Paragraph. To the extent that a response is required, this Paragraph is admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

## STATEMENT OF FACTS

17.    Admitted.

18.    Denied.

19.    The allegations in Paragraph 19 are legal conclusions to which no response is required, but to the extent a response is required, Paragraph 19 is denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    TXRH admits that running food to additional tables other than those assigned to a particular server is part of the job duties for all servers, Plaintiff included, and that Ms. Tyree routinely reminded Plaintiff of that obligation. TXRH denies the remainder of the allegations in this Paragraph. To the extent that an allegation is not expressly admitted, it is denied.

25.    TXRH admits that to ensure its promise of Legendary Food and Legendary Service, it has a policy that servers should not be assigned any more than three (3) tables at one time. TXRH denies that enforcement of the policy was selective to Plaintiff and employees of the same race as Plaintiff. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

26.    TXRH admits under its practices, the Roadie assigned to serve a particular table receives the tips from that table even when another Roadie assists in serving food to that table, which is an expected job duty. TXRH avers that Plaintiff benefited from this same policy. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    TXRH admits that sometime in late January/early February 2023, Plaintiff received a "Section Pass," which permits a server to pick a particular section of the restaurant to serve for <u>one</u> shift.

31.    TXRH admits that in early February—believed to be on or about February 4, 2023, when Plaintiff was scheduled to work both back-to-back day and night shifts—Plaintiff requested to use the Section Pass at the beginning of her day shift. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

32.    TXRH admits that Table 417 is an eight (8)-top table but denies that the size of this table equates to the receipt of a tip (all tips are left to the discretion of the guest) and/or the quantity of the tip. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

33.    TXRH does not have sufficient information with which to admit or deny the allegations in this Paragraph. To the extent that a response is required, the allegations in this Paragraph are denied.

34.    TXRH does not have sufficient information with which to admit or deny the allegations in this Paragraph. To the extent that a response is required, the allegations in this Paragraph are denied.

35.    TXRH admits that Plaintiff was not permitted to use the Section Pass for the night shift because it is only applicable to <u>one</u> shift, even if a server is scheduled to work a double shift for that day. As to the remainder of this Paragraph, TXRH does not have sufficient information with which to admit or deny the allegations, but if a response is required, the remainder of the allegations in this Paragraph are denied. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

36.     TXRH does not have sufficient information with which to admit or deny the allegations in this Paragraph. To the extent that a response is required, the allegations in this Paragraph are denied.

37.     Denied.

38.     TXRH admits that Plaintiff complained that she was not allowed to use the Section Pass for a second shift but denies that Plaintiff expressly or implicitly complained that she was not allowed to use the Section Pass for the night shift (her second of the day) because of her race. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

39.     TXRH denies that Ms. Tyree "refused to address the situation" but admits that, consistent with applicable policy for Section Passes, Ms. Tyree instructed Plaintiff to work a different section for her night shift.

40.     Denied.

41.     TXRH admits that Plaintiff complained to then-Managing Partner Karl Saunders about not being able to use the Section Pass the way she desired but denies that in her complaint she either expressly or implicitly indicated that she felt the denial of her request related to any protected class.

42.     Denied.

43.     TXRH does not have sufficient information with which to admit or deny the allegations in this Paragraph. To the extent that a response is required, the allegations in this Paragraph are denied.

44.     Denied.

45.    TXRH admits that Plaintiff complained of favoritism but denies that Plaintiff ever mentioned race. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

46.    Denied.

47.    The allegations in Paragraph 47 are legal conclusions to which no response is required, but to the extent a response is required, Paragraph 47 is denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    TXRH admits that Plaintiff submitted a flurry of ethics complaints over a short period of time, the majority of which complained only of favoritism based on personal friendships between staff and management, and not discrimination based on race.

53.    TXRH does not have sufficient information with which to admit or deny Plaintiff's subjective belief that reports to the ethics hotline would be confidential. TXRH admits that, to the extent necessary to investigate her allegations, information was disclosed to Mr. Saunders. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

54.    Denied.

55.    TXRH admits that between February 2023 and her separation in July 2023, Plaintiff continued to perform work during her scheduled shifts. TXRH denies the remainder of the allegations in this Paragraph. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

56.    TXRH terminated Plaintiff's employment effective July 29, 2023 for legitimate non-discriminatory and non-retaliatory reasons. TXRH denies the remainder of the allegations in this Paragraph. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## AS A FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII

73.     TXRH incorporates herein its responses to the preceding paragraphs.

74.     TXRH admits that Plaintiff brings her first count under Title VII, but denies that it engaged in any unlawful employment practices toward Plaintiff. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

75.     TXRH admits that Plaintiff claims discrimination based in whole or in part on her race but denies that it engaged in any unlawful employment practices toward Plaintiff based in whole or in part on any protected class status, including race. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

76.     TXRH admits that Paragraph 76 purports to be a quote from Title VII's statutory language. TXRH denies that it engaged in any unlawful employment practices toward Plaintiff based in whole or in part on any protected class status. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

77.     Denied.

## AS A SECOND CAUSE OF ACTION
### RETALIATION UNDER TITLE VII

78.     TXRH incorporates herein its responses to the preceding paragraphs.

79.     TXRH admits that Paragraph 76 purports to be a quote from Title VII's statutory language. TXRH denies that it engaged in any unlawful employment practices toward Plaintiff. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

80.     Denied.

## AS A THIRD CAUSE OF ACTION
### DISCRIMINATION UNDER THE VHRA

81.     TXRH incorporates herein its responses to the preceding paragraphs.

82.    TXRH admits that the VHRA is codified at Va. Code § 2.2-3905 and that the VHRA prohibits employment discrimination based on race but denies that it engaged in any unlawful employment practices toward Plaintiff based in whole or in part on any protected class status, including race. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

83.    Admitted.

84.    The allegations in Paragraph 84 are legal conclusions to which no response is required, but to the extent a response is required, Paragraph 84 is denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE VHRA

91.    TXRH incorporates herein its responses to the preceding paragraphs.

92.    The allegations in Paragraph 92 are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

93.    Denied.

94.    TXRH terminated Plaintiff's employment effective July 29, 2023 for legitimate non-discriminatory and non-retaliatory reasons. TXRH denies the remainder of the allegations in this Paragraph. To the extent that any allegation in this Paragraph is not expressly admitted, it is denied.

95.     Denied.

## **PRAYER FOR RELIEF**

Plaintiff's "WHEREFORE" Paragraph under "PRAYER FOR RELIEF" and the following subparagraphs contain no factual allegations and thus require no response. To the extent a response is required, Defendant denies the same and further deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Subject to and without waiving the foregoing, and pleading in the alternative where necessary, TXRH asserts the following affirmative and other defenses. In doing so, TXRH does not waive Plaintiff's burden of proof required on any element of any claim or cause of action asserted by Plaintiff, and TXRH does not assume the burden of proof except to the extent required on pure affirmative defenses.

1.     Some or all of the purported claims in the Amended Complaint fail to state a claim upon which relief may be granted.

2.     Some or all of the purported claims in the Amended Complaint may be barred by the applicable statute of limitations.

3.     Some or all of the purported claims are covered by a valid and binding arbitration agreement. Plaintiff's claims must be brought in arbitration and this action should be dismissed in favor of the arbitral forum.

4.     Some or all of Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any related Charge of Discrimination filed with the EEOC and/or Virginia Office of Civil Rights, and therefore the administrative exhaustion perquisite has not been met.

5.     All actions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were in no way related to

10

Plaintiff's race or color, or any alleged protected activity, or any other category protected by law and there is no genuine issue of material fact to the contrary.

6.    At all relevant times, Plaintiff was an at-will employee, as that term is defined under the common law of Virginia, and Plaintiff could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

7.    Some or all of the purported claims and/or relief sought in the Amended Complaint are barred because TXRH's actions with respect to Plaintiff were based solely upon legitimate, nondiscriminatory and non-retaliatory reasons and unrelated to any alleged protected status held by Plaintiff. However, even if Plaintiff is able to prove that the challenged actions and decisions were motivated, in part, by unlawful retaliatory or discriminatory intent, such claims would still fail because the same actions would have been taken and the same decisions would have been made irrespective of the alleged unlawful motive or intent.

8.    TXRH is not liable for acts, if any, by employee(s) that were not authorized by TXRH, and such employee(s), if any, had no express or implied authority to engage in acts that were inconsistent with TXRH's written rules prohibiting conduct constituting unlawful discrimination or retaliation.

9.    If any improper, illegal, discriminatory, or retaliatory act was taken by an employee of TXRH against Plaintiff, it was outside the course and scope of that employee's employment, contrary to TXRH's policies, and was not ratified, confirmed, or approved by TXRH.  Thus, any such actions cannot be attributed or imputed to TXRH.

10.    TXRH did not have actual or constructive knowledge of some or all of the alleged discriminatory, retaliatory, or illegal acts alleged in Plaintiff's Amended Complaint at any time material to the Amended Complaint.

11.     Some or all of the purported claims and/or relief sought in the Amended Complaint are barred because TXRH's actions were in good faith and were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

12.     TXRH has made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with federal and state law prohibiting discrimination and retaliation in employment.  Plaintiff unreasonably failed to take advantage of those preventive and corrective measures.

13.     TXRH has in place a clear and well-disseminated policy against discrimination, and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by TXRH, including participating in any investigation opened as a result of any complaint, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination and retaliation are barred.

14.     The relief sought by Plaintiff may be barred in whole or in part because of after-acquired evidence.

15.     Plaintiff has not suffered any damages attributable to TXRH.

16.     Plaintiff's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations.

17.     Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff has failed to mitigate Plaintiff's alleged damages.

18.     TXRH is entitled to an offset against Plaintiff's claim for damages in the amount(s) which Plaintiff received or earned, could have received or earned through reasonable efforts, did

or could have obtained through unemployment compensation, and any amount(s) paid to Plaintiff by TXRH.

19.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or other equitable defenses.

20.    TXRH pleads that the employment actions taken with respect to Plaintiff were not taken with either malice or reckless indifference to the protected rights of Plaintiff.

21.    Plaintiff is not entitled to an award of exemplary or punitive damages, as Plaintiff has not pled and cannot prove facts sufficient to support such an award under applicable law. In any event, any award of punitive damages is subject to all statutory, common law and constitutional principles and limitations.

22.    TXRH reserves the right to supplement this Answer and its defenses to raise any and all other additional affirmative or other defenses that may become apparent during discovery and during any other proceeding in this action.

*****

WHEREFORE, Defendant Texas Roadhouse Management Corporation prays that the Court grant judgment on its behalf, that Plaintiff take nothing by the above-captioned action; that Defendant recover their reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: June 3, 2025

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Meredith L. Schramm-Strosser*
Meredith Schramm-Strosser, VSB No. 87984
815 Connecticut Avenue, NW, Suite 400
Washington, DC 2000d6-4046
Telephone: 202.842.3400
Facsimile: 202.842.0011
mschramm-strosser@littler.com

*Counsel for the Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 3, 2025, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF filing system, and that copies of the foregoing were sent electronically

to:

        Aryeh E. Stein, Esq.
        Meridian Shaw, LLC
        1212 Reisterstown Road
        Baltimore, MD 21208
        astein@meridianlawfirm.com

                /s/ *Meredith L. Schramm-Strosser*
                Meredith L. Schramm-Strosser