IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANITA BOURNE,                          )
         Plaintiff,                )
                                  )
    v.                                )            Civil Action No. 3:24CV218 (RCY)
                                  )
TEXAS ROADHOUSE, INC.,                 )
                                  )
        Defendant.                )
_____    )

## SHOW CAUSE ORDER

On June 6, 2025, the Court scheduled this case for a virtual Initial Pretrial Conference ("IPTC") for August 13, 2025, beginning at 9:30 A.M., ECF No. 32. On August 12, 2025, Plaintiff's counsel filed a Consent Motion to Request an Adjournment of the Conference ("Consent Motion"), ECF No. 35, at 4:14 P.M., less than SIXTEEN (16) hours before the scheduled IPTC. Therein Plaintiff's counsel explained that Plaintiff seeks to continue the IPTC based on Plaintiff's counsel's appearance in a deposition on August 13, 2025, and because the parties expect to file a joint motion to stay pending arbitration. Plaintiff also notes that Defendant consents to the Motion and that the Court "*sua sponte* adjourned the conference once."[1]  Although Plaintiff explains that good cause exists based on the previously scheduled deposition, Plaintiff does not explain why she filed her Consent Motion less than SIXTEEN (16) hours prior to the IPTC that had been scheduled for over TWO (2) months.

---

[1] It is unclear exactly what Plaintiff intended in making this statement. If Plaintiff is pointing out that the Court scheduled the IPTC, then Plaintiff would be correct. Indeed, it is the province of this Court to effectively manage its civil and criminal docket, including this case. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962))).

The Court did not grant Plaintiff's Consent Motion prior to the start of the August 13, 2025 IPTC. At 9:30 A.M. on August 13, 2025, counsel for Defendant appeared via Zoom, however, Plaintiff did not.

Because Plaintiff's counsel failed to appear at the IPTC as ordered by the Court, ECF No. 32, the Court hereby ORDERS Plaintiff's counsel, Aryeh E. Stein and Emanuel Kataev, to appear **in-person** on October 6, 2025, at 11:00 A.M. to show cause why Plaintiff's counsel failed to appear at the August 13, 2025 IPTC, and should not be held in contempt of court.

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record.

It is so ORDERED.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: August 13, 2025
Richmond, Virginia