IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ANITA L. BOURNE,<br><br>       **Plaintiff,**<br><br>v.<br><br>TEXAS ROADHOUSE INC.<br><br>       **Defendant.** | Civil Action No. 3:24-cv-218 (RCY) |

**JOINT MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Plaintiff Anita Bourne ("Plaintiff") and Defendant Texas Roadhouse Management Corporation[1] ("Defendant") (together, the "Parties") file this Joint Motion to Compel Arbitration and Stay Litigation. The Parties respectfully request that the Court enter an Order staying all further proceedings in this case pending the completion of arbitration. In support of this motion, the Parties state as follows:

**BACKGROUND**

1. Plaintiff, a former employee of Defendant, filed this action on April 25, 2024. (ECF No. 4). On April 21, 2025, Plaintiff filed an amended complaint, asserting claims against Defendant for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Virginia Human Rights Act, Va. Code § 2.2-3900, *et seq.* (ECF No. 24).

2. On June 20, 2025, counsel for Defendant sent Plaintiff's counsel a copy of the TXRH Arbitration Agreement that Plaintiff electronically signed as part of her employment with

---

[1] Plaintiff incorrectly identifies Defendant as Texas Roadhouse Inc. in the caption. The proper entity name is Texas Roadhouse Management Corporation.

Defendant. *See* <u>Exhibit A</u>. In that correspondence, Defendant asked for Plaintiff's consent to stay the federal litigation and move the matter to arbitration pursuant to the Arbitration Agreement.

3. On July 10, 2025, the Parties' counsel agreed to arbitrate Plaintiff's claims pursuant to the Arbitration Agreement on the following terms: (1) pursuant to *Smith v. Spizzirri*, the federal court matter would be stayed while the action was brought in arbitration, (2) Defendant will accept service of the arbitration demand, (3) in the arbitration, the Parties will conduct depositions virtually, and (4) the Parties would engage in at least one round of discussions to resolve the matter.

4. The Parties now file the instant Joint Motion to Compel Arbitration and Stay Litigation.

## **ARGUMENT**

5. As part of her employment with Defendant, on June 13, 2022, Plaintiff executed the TXRH Arbitration Agreement, in which she agreed to arbitrate "any past, present, or future dispute that otherwise could be resolved in a court of law arising out of or related to [Plaintiff's] application and selection for employment, employment, and termination of employment with the Company." *See* <u>Exhibit B</u>. Plaintiff further agreed to arbitrate any "retaliation, discrimination, and harassment claims," and any claims arising under "federal, state or locals laws," including any disputes arising under the Civil Rights Act of 1964. *Id*. Plaintiff's claims in this case fall within the scope of her agreement to arbitrate.

6. The Parties agree that a valid and enforceable arbitration agreement exists between the Parties, and that Plaintiff's claims against Defendant fall within the scope of that arbitration agreement and, therefore, are subject to binding arbitration.

7. The Arbitration Agreement expressly states that it "is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*." *Id*. Section 3 of the Federal Arbitration Act requires a stay

of all further proceedings pending the submission of Plaintiff's claims to arbitration. "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court…shall upon application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…" 9 U.S.C. § 3.

8.   The Parties wish to proceed to arbitration pursuant to the terms of the Arbitration Agreement, and the stipulated terms set forth in paragraph 3 above. The Parties respectfully request that this proceeding be stayed until the arbitration of Plaintiff's claims has been completed.

## CONCLUSION

**WHEREFORE**, the undersigned Parties jointly and respectfully request that the Court grant this Joint Motion and issue an Order staying the case, and all proceedings, pending the completion of arbitration.

Dated: August 28, 2025

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Meredith L. Schramm-Strosser*
Meredith Schramm-Strosser, VSB No. 87984
Richard Kim, VSB No. 98260
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone: 202.842.3400
Facsimile: 202.842.0011
mschramm-strosser@littler.com
rjkim@littler.com

*Counsel for the Defendant*

*/s/ Aryeh Stein* (with consent)
Aryeh E. Stein, Esq. (VSB No. 24559)
Meridian Shaw, LLC
1212 Reisterstown Road
Baltimore, MD 21208

astein@meridianlawfirm.com

*/s/ Emanuel Kataev* (with consent)
CONSUMER ATTORNEYS PLLC
Emanuel Kataev, Esq. (*pro hac vice* pending)
6829 Main Street
Flushing, NY 11367-1305
ekataev@consumerattorneys.com

*Counsel for the Plaintiff*

4

## CERTIFICATE OF CONFERENCE

This is to certify that Plaintiff's counsel and Defendant's counsel have conferred in good faith regarding this motion and are in agreement that this dispute should be stayed and ordered to binding arbitration.

/s/ *Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, and that copies of the foregoing were sent electronically to:

Aryeh E. Stein, Esq.
Meridian Shaw, LLC
1212 Reisterstown Road
Baltimore, MD 21208
astein@meridianlawfirm.com

CONSUMER ATTORNEYS PLLC
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
ekataev@consumerattorneys.com

*Counsel for the Plaintiff*

/s/ *Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser