IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANITA BOURNE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24CV218 (RCY) |
| ) | |
| TEXAS ROADHOUSE, INC., ) | |
|     Defendant. ) | |
| _____ ) | |

**ORDER**

This matter is before the Court on the parties' Joint Motion to Compel Arbitration and Stay Litigation ("Joint Motion to Compel and Stay," ECF No. 38). Therein, the parties request that the Court stay all further proceedings in this matter pending the completion of arbitration in accordance with the Arbitration Agreement electronically signed by Plaintiff on June 13, 2022, as part of her employment with Defendant. (Joint Mot. to Compel and Stay 1–2). The Court understands that the Parties agree on the validity and enforceability of the Arbitration Agreement, as well as its applicability to Plaintiff's claims. *See id.* at 2, Exhibit B.

Section 3 of the Federal Arbitration Act (FAA) provides for a stay of federal court proceedings where the underlying issues of a case are referable to arbitration. Specifically, 9 U.S.C. § 3 states:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved…is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…".

Here, the Arbitration Agreement between the parties explicitly adopts FAA governance, and the Court is thus satisfied that the parties' dispute is referable to arbitration based on their

prior agreement. *See id.* Exhibit B ("All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of jury trial. This Agreement is governed by the Federal Arbitration Act…").

At a hearing on October 6, 2025, the Court heard from counsel regarding plans to initiate the arbitration process. The parties also agreed to jointly update the Court on the status of arbitration in 180 days.

Upon due consideration, for good cause shown, and based on the parties' agreement, the Court generally STAYS all further proceedings in this case pending arbitration. The parties SHALL provide the Court with a joint status report regarding the progress of arbitration on or before **Monday, April 6, 2026**.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 6, 2025
Richmond, Virginia